UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Abel Diaz<br><br>    Petitioner,<br><br>vs.<br><br>Warden, FCI Bennettsville,<br><br>    Respondent. | Civil Action No.: 4:15-cv-237-BHH<br><br>**Opinion and Order** |

This matter is before the Court upon the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 52), which recommends that the § 2241 petition be dismissed *without prejudice* and without requiring the respondent to file a return. For the reasons set forth below, the Court declines to adopt the Report.

**BACKGROUND**

The relevant facts and procedural history are thoroughly set forth in the Magistrate Judge's Report. The petitioner, Abel Diaz, a federal inmate at FCI-Bennettsville, who is proceeding *pro se* brought this action pursuant to 28 U.S.C. § 2241 alleging that he is actually innocent of the crimes for which he was convicted and that § 2255 does not provide him an adequate or effective remedy to test the legality of his detention. Moreover, the petitioner alleges that the sentence he received exceeds the statutory maximum he would have faced had his sentence not been improperly enhanced. (*See* ECF No. 1 at 9.)

Pursuant to 28 U.S.C. § 636(b) (1)(B) and Local Civil Rule 73.02(B)(2)(d) DSC, the case was assigned to Magistrate Thomas E. Rogers. On February 9, 2015, the Magistrate Judge issued a Report recommending that the § 2241 petition be dismissed

without prejudice and without requiring the respondent to file a return because the petitioner's actual innocence claim is facially inadequate because he does not allege any new, reliable evidence that was not presented in his prior proceedings that supports his innocence, and because the petitioner's challenge to his Career Offender Status is not appropriate for review under § 2241 and the petitioner does not satisfy the savings clause of § 2255. On February 23, 2015, the petitioner filed objections (ECF No. 55) to the Report.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Report to which specific objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ( "[D]e novo review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed

2

findings and recommendation."). The court reviews only for clear error in the absence of a specific objection. Furthermore, in the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* In light of the petitioner's objection, the Court has conducted the requisite *de novo* review.

In reviewing these pleadings, the Court is mindful of the petitioner's *pro se* status. This Court is charged with liberally construing the pleadings of a pro se litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a petitioner's clear failure to allege facts that set forth a cognizable claim, or that the Court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## **DISCUSSION**

After conducting a *de novo* review, the Court declines to dismiss the petitioner's case on the grounds set forth in the Report. In doing so, the Court expresses no opinion regarding the ultimate validity of the petitioner's claim.[1] Rather, the Court finds

---

[1] Indeed, while the Court declines to adopt the Report for the reasons set forth in this Order, it suspects that many of the arguments set forth in the petitioner's objection are without merit. For example, the petitioner argues that the Court should grant his petition "because the district court in Miami, Florida, the Eleventh Circuit Court of Appeals, the US Attorney Office, all these

that a recent Fourth Circuit case, decided after the Magistrate Judge issued his report, creates sufficient uncertainty regarding the availability of relief under § 2241 to warrant allowing the petitioner to proceed with this action.

The Magistrate Judge concluded that the petitioner is not entitled to challenge his federal sentence under § 2241 because he does not satisfy the savings clause of § 2255, which provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C.A. § 2255(e). The Fourth Circuit has previously held that to establish that § 2255 "is inadequate or ineffective to test the legality of [a petitioner's] detention" as required by the statute, three conditions must be met:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

---

representative[s] of the law failed to apply the new constitutional rule held by the Supreme Court in *Apprendi v. New Jersey*." (ECF No. 55 at 6.) The Fourth Circuit has indicated that an *Apprendi* claim may not be raised on collateral review regardless of whether the prisoner is proceeding under § 2255 or 2241. *See, e.g., San-Miguel v. Dove*, 291 F.3d 257, 258 (4th Cir. 2002) ("This court has repeatedly held that *Apprendi* claims may not be raised on collateral review. And this is as clear for § 2241 claims as it is for claims brought under 28 U.S.C. § 2255." (citations omitted)).

The Fourth Circuit Court of Appeals has not extended the savings clause of § 2255 to prisoners challenging only their sentences, indicating that a petitioner must be challenging the legality of his *conviction*, not just his sentence. See *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008). *See also Farrow v. Revell*, 541 Fed. Appx. 327, 328 (4th Cir. 2013)(unpublished) ("[W]e conclude, as the district court did, that Farrow's challenge to his armed career criminal status is not cognizable in a § 2241 petition."); *United States v. Pettiford,* 612 F.3d 270, 284 (4th Cir. 2010) ("[A]ctual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes.").

In its recent decision in *United States v. Surratt*, the Fourth Circuit reiterated that under its decision in *In Re Jones*, being incorrectly sentenced was not the same thing as being "actually innocent." As the Court of Appeals explained, "[t]o say "that a petitioner can be 'actually innocent' of a sentencing enhancement," rather than an element of the actual crime, "would require a great deal of both verbal and logical gymnastics." *U.S. v. Surratt*, 14-6851, 2015 WL 4591677, at *6 (4th Cir. July 31, 2015). The Fourth Circuit rejected Surratt's claim that his predicate convictions should be viewed as elements of the crime.

The Fourth Circuit acknowledged, however, that "*Jones* is not the exclusive route to § 2255(e) relief in all situations" and proceeded to examine the language of the savings clause to determine "whether sentencing errors like the one claimed [in *Surratt*] are redressable under the savings clause." *Id.* at *7 (quotation marks and citation

omitted).  The Court of Appeals concluded that *Surratt* was not entitled to relief under the savings clause, but its reasoning leaves open the possibility that there may be instances in which the savings clause would allow a petitioner to challenge a sentencing enhancement under § 2241.

Specifically, the Fourth Circuit discussed the "legality" of a sentence, drawing a distinction between a sentence that is "illegal" and one that is imposed based on an incorrect reading of the law.  *Id.* at *13 ("As we explained in another context, though, 'not every [proceeding] alleging a legal error in sentencing challenges that sentence as illegal.'" (quoting *United States v. Thornsbury,* 670 F.3d 532, 539 (4th Cir. 2012)).  An example of a potentially "illegal" sentence would be one that exceeds "the proper statutory maximum."  *Surratt*, 2015 WL 4591677, at *12.

Surratt had been given a life sentence, which the sentencing judge, despite misgivings, found to be mandated by 21 U.S.C. § 841(b)(1)(A) and the Fourth Circuit's ruling in *United States v. Harp,* 406 F.3d 242 (4th Cir. 2005).  *Harp* was subsequently overruled by the Fourth Circuit's ruling in *United States v. Simmons,* 649 F.3d 237 (4th Cir. 2011) (en banc).  Had Surratt been sentenced under *Simmons*, he still would have had a prior felony drug conviction, and thus faced a sentence between 20 years and life.  *U.S. v. Surratt*, 2015 WL 4591677, at *13.  Noting that "courts largely have not recognized an "illegal" detention—one that would trigger the savings clause—where the defendant challenges a sentence within the correct statutory maximum," the Fourth Circuit concluded that "[t]his widely held view of 'legality' should foreclose Surratt's claim."  *Id.* at 13.

6

Nevertheless, the Fourth Circuit left open the possibility that a prisoner who received a sentence in excess of the statutory maximum might challenge his confinement under § 2241: "We also stress that our decision today is limited to the particular facts of this case. We do not decide whether, for instance, a federal prisoner might bring a § 2241 petition claiming that the district court unlawfully sentenced him to a term of imprisonment exceeding the statutory maximum." *Id.* at 27. Here, the petitioner alleges that the sentence he received exceeds the statutory maximum. The Magistrate Judge ruled without the benefit of *Surratt*, and, since the Fourth Circuit left open the question of whether a petitioner whose sentence exceeds the statutory maximum could proceed under § 2241, the Court declines to adopt the Report.

## **CONCLUSION**

After a thorough review of the Report, the record, and the applicable law, the Court declines to adopt the Report and remands the case to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

August 13, 2015
Greenville, South Carolina