UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | | |
|---|---|---|
| ABEL DIAZ, | ) | C/A No.: 4:15-cv-0237-BHH-TER |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| WARDEN, FCI BENNETTSVILLE, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, Abel Diaz (Petitioner), appearing *pro se*, filed his petition for a writ

of habeas corpus pursuant to 28 U.S.C. § 2241[1] on June 6, 2012. (Doc. #1). A Report

and Recommendation was entered by this court recommending that the 2241 petition

be dismissed without prejudice. Petitioner filed an objection to this report. On August

13, 2015, the district court declined to adopt the Report and remanded the case for

further proceedings. (Doc. #59). An order was entered authorizing service of process.

Respondent filed a motion to dismiss on October 6, 2015, along with a memorandum

in support. (Doc. #67). The undersigned issued an order filed October 7, 2015,

pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of

the motion to dismiss and the possible consequences if he failed to respond

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

adequately. (Doc. #69). Petitioner filed a response on October 30, 2015, and a supplement to the response on April 25, 2016.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

A federal grand jury in the Southern District of Florida returned a superseding indictment charging Petitioner with conspiracy "to possess with intent to distribute a Schedule II controlled substance, that is, five kilograms or more of a mixture and substance containing a detectable amount of cocaine" (Count 1), attempted possession with intent to distribute five kilograms or more of a mixture containing a detectable amount of cocaine (Count 2), using or carrying and possessing firearms in relation to a drug trafficking crime (Count 3), and conspiracy to use or carry firearms (Count 4). (Doc. #9, Ex.A-Superseding Indictment). Petitioner proceeded to trial, where he was acquitted as to Count 2, and was found guilty as to Counts 1s, 3s, and 4s, following a jury verdict. (Doc. #9, Ex.B). Thereafter, he was adjudicated a career offender and sentenced to a total term of life in prison, consisting of: life in prison as to Count 1, a consecutive 5 years in prison as to Count 3, and 20 years in prison as to Count 4, to be served concurrently with the sentence imposed in Count 1. (Doc. #9, Ex. C; Cr. Doc. # 106). The judgment was affirmed, and on October 7, 2002, the Supreme Court

---

[2]The facts as set out in the previous report are incorporated into this report.

denied his petition for writ of certiorari. Diaz v. United States, 537 U.S. 836 (2002); (Cr. Doc # 106).

Thereafter, in October of 2003, Petitioner filed a motion to vacate pursuant to 28 U.S.C. §2255, challenging counsel's effectiveness, and raising claims of governmental misconduct. See Diaz v. United States, No. 03-22711-Civ-Moreno. After a response was filed by the government, a Report was entered recommending that the motion be denied. See Id. at Doc. #26. The district court entered an Order adopting the report and denying Diaz' motion to vacate. See Order Affirming Magistrate's Report and Recommendation; See Id. at Doc #28. On May 23, 2005, the Eleventh Circuit Court of Appeals denied Petitioner's motion for certificate of appealability. See Id. at Doc. # 42.

In October of 2007, Petitioner returned to the district court filing a motion for reduction of sentence, which was denied by the court on October 5, 2007. (Cr-Doc. # 118-119). In July 2008, the government filed a motion for reduction of sentence based on substantial assistance which was granted by the court. (Cr-Doc. # 122,130). On September 30, 2008, an amended judgment was entered reducing Diaz' total sentence from life to 35 years in prison. (Cr Doc. # 131). The sentence consisted of 30 years as to Count 1, a consecutive 5 years as to Count 3, and 20 years as to Count 4, to run concurrent with Count 1. (Id.). No appeal therefrom appears to have been

3

filed.

Subsequently, Petitioner proceeding pro se, has repeatedly attempted to obtain a sentence reduction based on Amendments to the U.S. Sentencing Guidelines. See Diaz v. United States, No. 00-74 at Cr-Docs. # 134, 136, 143, 176, 198. All motions were denied. The denial of the October 2011 motion is currently pending on appeal, and assigned case no. 12- 12685-EE. (Cr-Doc. #191-192).

Petitioner then filed the instant §2241 on May 30, 2012 in the Southern District of Florida attacking the constitutionality of his convictions and sentences. (Doc. # 1). A Report and Recommendation recommending that the Petition be dismissed was entered on November 5, 2012, and accepted by the district judge on December 6, 2012.  Petitioner appealed.

At the time Petitioner filed the instant § 2241 petition, he was incarcerated in Kentucky, but yet he filed, and his petition was disposed of, in the Southern District of Florida. Upon his appeal of the dismissal of his § 2241 petition, and currently, Petitioner lists his place of incarceration as F.C.I. Bennettsville in Bennettsville, South Carolina. In light of the longstanding precedent that a § 2241 petition by a federal prisoner must be brought in the district where the inmate is incarcerated, the Eleventh Circuit Court of Appeals concluded that the Florida district court lacked jurisdiction to review Petitioner's petition because he was not incarcerated in that district.

4

Rumsfeld v. Padilla, 542 U.S. 426 (2004). Accordingly, the Eleventh Circuit Court of Appeals vacated and remanded the case with instructions to transfer the case to the appropriate district court for disposition. The Case was transferred to this Court on January 16, 2015.

Petitioner has styled the instant action as one sounding in habeas corpus pursuant to 28 U.S.C. §2241, which provides a means for a prisoner to challenge the execution of his sentence.

## DISCUSSION

In his response to the motion for summary judgment, Petitioner asserts that his sentence was enhanced based on a quantity of drugs not found by the jury under a special jury verdict form in violation of Apprendi v. New Jersey. (Doc. #77 at 3).

Respondent filed a motion to dismiss this §2241 petition arguing that the petition attacks the validity of his sentence, rather than the manner in which his sentence is being executed. Therefore, Respondent requests that the §2241 petition be construed as a successive §2255 petition and dismissed. Respondent further asserts this issue is barred as it was raised and decided on direct appeal by the Eleventh Circuit Court of Appeals.

"[I]t is well established that defendants convicted in federal court are obliged

5

to seek habeas relief from their convictions and sentences through § 2255." <u>Rice v. Rivera</u>, 617 F.3d 802, 807 (4th Cir.2010) (citing <u>In re Vial</u>, 115 F.3d 1192, 1194 (4th Cir.1997) ( en banc )). "However, § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates of the so-called § 2255 'savings clause.'" <u>Reyes–Requena v. United States</u>, 243 F.3d 893, 901 (5th Cir.2001); <u>see</u> <u>also</u> <u>Ennis v. Olsen</u>, No. 00–7361, 2000 WL 1868982, at *1 (4th Cir. Dec.22, 2000). The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). In other words, as applied here, Petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective. "The remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." <u>See In Re Vial</u>, 115 F.3d at 1194 n. 5 (citations omitted).

Based on the reasoning in the Report filed February 9, 2015, Petitioner fails to present facts that show that §2255 is inadequate or ineffective, and, thus, this case

should be dismissed. Alternatively, the district judge declined to accept the previous Report based on the Fourth Circuit decision in <u>United States v. Surratt</u>, 2015 WL 4591677 (4th Cir. July 31, 2015)[3] stating the Court "left open the possibility that a prisoner who received a sentence in excess of the statutory maximum might challenge his confinement under §2241." (Doc. #59). Subsequent to the court's order in this case, the Fourth Circuit granted a rehearing *en banc* in the <u>Surratt</u> case, and thus, vacated the <u>Surratt</u> panel opinion. <u>See</u> Fourth Cir. R. 35(c) ("Granting a rehearing en banc vacates the previous panel judgment and opinion."); <u>Boyer-Liberto v. Fontainebleau Corp.</u>, 786 F.3d 264, 268 (4th Cir. 2015) ("The panel's decision was vacated, however, by our grant of rehearing en banc.").

Nonetheless, as the 11th Circuit explained in denying Petitioner's appeal:

> . . . the record shows that the district court's charge to the jury was in accord with Apprendi. Not only did Counts 1 and 2 of Diaz's indictment allege more than five kilograms of cocaine were involved in his offenses, but also, contrary to Diaz's contentions, when the district court instructed the jury, it presented the case as exclusively charging more than five kilograms of cocaine. . . we submit based upon the court's instructions, the jury reasonably understood that it could not convict Diaz unless it agreed that at least five kilograms of cocaine were involved in Count 1. In this case, the jury's verdict necessarily encompassed its finding that the case involved at least five kilograms of cocaine, thus,

---

[3] In the opinion and order, the court noted that this case was decided after the report and recommendation was issued.

7

no there was no Apprendi violation.

United States v. Diaz, 2001 WL 34316727 (11th Cir. 2001).[4]

The Superseding Indictment included the amount of five kilograms and the jury found Petitioner guilty of the charge. Therefore, the potential Surratt exception to the general rule that a defendant convicted in federal court must challenge his sentence pursuant to §2255 unless he is entitled to relief under the savings clause is not applicable in this case. For the same reason, alternatively, there is no merit to this claim.

Therefore, it is recommended that Respondent's motion to dismiss (doc. #67) be granted for lack of subject matter jurisdiction under 28 U.S.C. §2241. Alternatively, if the district judge finds jurisdiction present, it is recommended that the case be dismissed on the merits as set forth above.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 31, 2016
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

---

[4]The court may take judicial notice of the filings in Petitioner's underlying criminal case. See generally, Aloe Creme Laboratories, Inc., v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970); See also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989)(federal courts may take judicial notice of proceedings in other courts if those proceedings have a direct relation to matters at issue).