IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Abel Diaz, | ) | C/A No. 4:15-00237-BHH |
| | ) | |
| Petitioner, | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| | ) | |
| Warden FCI Bennettsville, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Abel Diaz, ("Petitioner"), proceeding *pro se,* filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d), D.S.C., the action was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling and a Report and Recommendation ("Report"). Magistrate Judge Rogers recommends that Respondent's Motion to Dismiss be granted and the § 2241 petition be denied. (ECF No. 83.) The Report sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## **BACKGROUND**

In this § 2241 action, Petitioner, a federal inmate at FCI-Bennettsville, alleges that he is actually innocent of the crimes for which he was convicted and that § 2255 does not provide him an adequate or effective remedy to test the legality of his detention. Moreover, Petitioner alleges that the sentence he received exceeds the statutory maximum he would have faced had his sentence not been improperly enhanced. (*See* ECF No. 1 at 9.)

1

On February 9, 2015, the Magistrate Judge issued his first Report and Recommendation ("first Report") recommending that the § 2241 petition be dismissed without prejudice and without requiring the respondent to file a return because Petitioner does not allege any new, reliable evidence that was not presented in his prior proceedings that supports his innocence, and because Petitioner's challenge to his Career Offender Status is not appropriate for review under § 2241 and Petitioner does not satisfy the savings clause of § 2255. (ECF No. 52.) On February 23, 2015, Petitioner filed objections to the first Report. (ECF No. 55).

In declining to adopt the first Report, the Court noted that the Magistrate Judge issued his initial recommendation without the benefit of *Surratt*,[1] which left open the question of whether a petitioner whose resultant sentence exceeds the statutory maximum could proceed under § 2241. (ECF No. 59 at 7); *see Surrat*, 797 F.3d at 250, 255, 269 (stating that "*Jones* is not the exclusive route to § 2255(e) relief in all situations. . . . [A] sentence imposed above the proper statutory maximum might present [an] instance of an unlawful sentence, as 'the power to prescribe the punishments to be imposed upon those found guilty of [federal crimes] resides wholly with Congress.' . . . We do not decide whether, for instance, a federal prisoner might bring a § 2241 petition claiming that the district court unlawfully sentenced him to a term of imprisonment exceeding the statutory maximum." (quoting *Whalen v. United States*, 445 U.S. 684, 689, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980))).

---

[1] *United States v. Surratt*, 797 F.3d 240 (4th Cir. 2015). The Fourth Circuit granted a rehearing en banc on December 2, 2015. Fourth Circuit Appeal No. 14-6851, Dkt. No. 84.

Respondent filed a Motion to Dismiss on October 6, 2015. (ECF No. 67.) On October 30, 2015, Petitioner filed a Response to the Motion to Dismiss. (ECF No. 77.) The Magistrate Judge then issued the instant Report recommending that the Motion to Dismiss be granted. (ECF No. 83.) Petitioner timely filed objections (ECF No. 85) to the Report. The Court has reviewed those objections, but finds them to be without merit; therefore, it will enter judgment accordingly.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("[D]e novo review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). In the absence of a specific objection, the Court reviews the Magistrate's conclusions only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). On June 14, 2016, Petitioner

3

filed objections (ECF No. 85) in this case, and the Court has thus conducted the requisite *de novo* review.

In reviewing these pleadings, the Court is mindful of Petitioner's *pro se* status. When dealing with a *pro se* litigant, the Court is charged with liberal construction of the pleadings. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a petitioner's clear failure to allege facts that set forth a cognizable claim, or that the Court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## DISCUSSION

Upon review, Petitioner's objections provide no basis for this Court to deviate from the Magistrate Judge's recommended disposition. The petition for a writ of habeas corpus pursuant to § 2241 must be denied for the reasons set forth in the Magistrate Judge's concise and thorough Report.[2]

Petitioner objects to the Magistrate Judge's finding that the Court lacks jurisdiction to consider Petitioner's § 2241 motion. Generally, applications for writ of habeas corpus under 28 U.S.C. § 2241 are not used to seek relief from a federal conviction and sentence. *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). An inmate under sentence of a federal court may properly challenge his conviction and sentence by filing a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, in the court which imposed the sentence. *Id.*

---

[2] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report of the Magistrate Judge. Comprehensive recitation of law and fact exists there.

Although § 2255 generally prohibits a prisoner from using § 2241 to challenge a conviction and sentence, § 2255 does contain a "savings clause." The Magistrate Judge concluded that Petitioner is not entitled to challenge his federal sentence under § 2241 because he does not satisfy the savings clause of § 2255, which provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). The Fourth Circuit has previously held that to establish that § 2255 "is inadequate or ineffective to test the legality of [a petitioner's] detention" as required by the statute, three conditions must be met:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000).

The Magistrate Judge correctly found that "Petitioner fails to present facts that show that § 2255 is inadequate or ineffective." (ECF No. 83 at 6-7.) The Magistrate Judge based his conclusion upon the reasoning set forth in the first Report where he observed that Petitioner cannot satisfy the second prong of *Jones* because "[t]he petition makes no allegation that the conduct for which Petitioner was convicted has been deemed non-criminal by any substantive law change." (ECF No. 52 at 6); *see e.g. Barnes v. Bragg*, C/A No. 8:15-2842-HMH-JDA, 2016 WL 4040295, at *2 (D.S.C. July

5

28, 2016) (holding that the petitioner failed to satisfy the savings clause because "he failed to establish any subsequent change in substantive law such that the conduct of which he was convicted is deemed no longer criminal"); *Sullivan v. Warden, SPC-Edgefield*, C/A No. 5:16-1211-HMH-KDW, 2016 WL 3162235, at *2 (D.S.C. June 6, 2016) ("[Petitioner] has failed to establish any subsequent change in substantive law such that the conduct of which he was convicted is deemed no longer criminal. Therefore, [Petitioner's] § 2241 petition fails to satisfy the § 2255(e) savings clause."); *Williams v. Pettiford*, C/A No. 4:08-641-HFF-TER, 2008 WL 4326487, at *6 (D.S.C. Sept. 22, 2008) ("Petitioner makes no allegation that the law has changed such that the conduct of which he was convicted is no longer criminal. Petitioner fails to establish that a motion under § 2255 is 'inadequate or ineffective to test the legality of his detention.'").

Petitioner also objects to the timing of the instant Report and requests that the Court hold his § 2241 petition in abeyance until the Fourth Circuit issues an *en banc* opinion in *Surrat*. (ECF No. 85 at 6.) It is now clear that Petitioner is raising issues in this § 2241 petition that have already been raised on appeal and rejected by the Eleventh Circuit. Petitioner claims:

> The constitutional error which was committed in this case occurred at sentencing. When the district court imposed a sentence on Count 1 in excess of the maximum that was authorized by the verdict rendered by the jury, it committed the same error that caused the Supreme Court to reverse and remand in the *Apprendi* case itself.

(ECF No. 85 at 7.) The Eleventh Circuit heard this very argument and concluded that:

6

> The district court, in its instructions to the jury, told them that "Count I charges the defendant with knowingly and intentionally conspiring or agreeing with others to possess with intent to distribute *five or more kilograms* of cocaine, in violation of federal law . . . ." The Court also stated that "What the evidence in the case must show beyond a reasonable doubt is: First, that two or more persons in some way or manner came to a mutual understanding to try to accomplish a common and unlawful plan *as charged in the indictment*; and second, that the defendant, knowing the unlawful purpose of the plan, willfully joined in it."

> The government argues that from these instructions, the jury reasonably understood that it could not convict Diaz unless it found that at least five kilograms of cocaine were involved in the offense, and the jury verdict of guilty necessarily encompassed that finding. Thus, there was no constitutional error. We agree.

Eleventh Circuit Appeal No. 00-16413, slip op. at 16–18 (11th Cir. Feb. 4, 2002).

Petitioner objects to the Magistrate Judge's finding that Petitioner's *Apprendi* claims have already been raised and rejected. Petitioner states, "[t]he Eleventh Circuit and the Honorable Magistrate Judge they are wrong in the position that the record in this case support that the jury was instructed under the new constitutional rule in *Apprendi*." (ECF No. 85 at 8.) Petitioner is entitled to disagree with the disposition of his appeal, but he is not entitled to relitigate these issues in an unauthorized successive § 2255 motion disguised as a § 2241 petition.[3]

In light of the Eleventh Circuit's denial of Petitioner's appeal, it is clear that the caveat left open in *Surrat*, namely, that a prisoner might be permitted to challenge the legality of his sentence by bringing a § 2241 petition claiming he was sentenced in excess of the applicable statutory maximum, *see Surrat*, 797 F.3d at 269, is foreclosed

---

[3] This Court lacks jurisdiction to entertain a successive § 2255 motion because (1) Petitioner must receive permission from the Eleventh Circuit before doing so, and (2) Petitioner must file any § 2255 petition in the United States District Court for the Southern District of Florida.

7

to Petitioner given that he has previously raised these claims and they were adjudicated in a manner that specifically demonstrates he *was not* sentenced in excess of the statutory maximum.[4] Thus, the Court is able to resolve this matter despite the fact that the Fourth Circuit has not yet issued a ruling after the *en banc* rehearing in *Surrat*. *See* Fourth Circuit Appeal No. 14-6851, Dkt. No. 122 (indicating *en banc* oral argument heard before the panel on March 23, 2016, but no ruling as of the date this Order is filed).

Finally, Petitioner objects the Magistrate Judge's conclusion that Petitioner's additional constitutional claims do not implicate a fundamental miscarriage of justice. (ECF No. 85 at 6.) The Magistrate Judge correctly based his conclusion upon the reasoning set forth in the first Report where he observed that "Petitioner's actual innocence claim is facially inadequate to require consideration because Petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings that supports his innocence of the charge." (ECF No. 52 at 7.)

## **CONCLUSION**

After *de novo* review of the Report, the record, and the applicable law, the Court finds that Petitioner's objections are without merit. Accordingly, the Court adopts the Report and incorporates it herein. It is therefore ordered that Respondent's Motion to Dismiss (ECF No. 67) is GRANTED and Petitioner's § 2241 petition is dismissed with prejudice.

---

[4] The statutory maximum term of imprisonment for Count 1 of the superseding indictment, conspiracy to possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, is life. *See* 21 U.S.C. § 841(b)(1)(A)(ii).

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

Greenville, South Carolina
August 8, 2016

9